**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

v.                                                       CV 08-0474 WJ/WPL
                                                              CR 06-1023 WJ

TRACY McARTHUR HARRIS,

        Movant/Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Tracy Harris pled guilty by plea agreement to one count of conspiracy to possess with intent to distribute over 500 grams of cocaine. (Doc. 78 at 7-8.)[1] The PreSentence Report (PSR), issued after Harris entered his plea, showed that Harris's criminal history subjected him to career offender status, substantially increasing the applicable Guideline sentence range from a mandatory minimum of five years to a Guideline minimum of 188 months (approximately fifteen and a half years). Judge Johnson awarded a downward departure from the Guideline sentence and sentenced Harris to 140 months' imprisonment. (*See* Doc. 77 at 27-31.) Harris has filed a Motion to Vacate, Set Aside or Correct the Sentence, pursuant to 28 U.S.C. § 2255. (Doc. 74.) He contends that he received ineffective assistance of counsel because his attorney promised him a specific five year sentence, and further that his guilty plea and waiver of appeal rights were involuntary and unknowing because they were based on this misrepresentation by his attorney. (*Id.* at 5, 6, 8.) In addition, Harris argues that his attorney's failure to object to a misapplication of the Sentencing Guidelines also constitutes

---

[1] All document number references are to CR 06-1023 WJ.

ineffective assistance of counsel.

## PROCEDURAL BACKGROUND

On September 25, 2006 Harris pled guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute over 500 grams of cocaine. (Doc. 78 at 7-8.) The charge carries a mandatory minimum sentence of five years' imprisonment. (*See* Doc. 40 at 2.) The Guideline sentence range at the time of the plea was 92 to 115 months, calculated from a base offense level of 26 and a criminal history category of IV. (*See* Doc. 76 at 26; Doc. 77 at 10.) The plea agreement stipulated to a three point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and a two point reduction for minor participant under U.S.S.G. § 3B1.2, which would have further reduced the Guideline sentence range to 57 to 71 months. (Doc. 40 at 7.) After Harris entered his plea, the PSR identified two prior felony convictions: assault with a deadly weapon on a police officer/firefighter in California and a marijuana related felony in Michigan. (Doc. 77 at 9.) These two convictions subjected Harris to the career offender provision of U.S.S.G. § 4B1.1. In Harris's case, career offender status automatically increased the base offense level to 34 and the criminal history category to VI resulting in a Guideline sentence range of 262 to 327 months' imprisonment. *See* U.S.S.G. § 4B1.1[2]; U.S.S.G. Ch. 5 Pt. A, Sentencing Table.

On March 16, 2007, Harris filed objections to the PSR. Specifically, Harris objected to his classification as a career offender, arguing that the Government had not met its burden to show that the California assault was a countable crime of violence against Harris. (Doc. 56 at 1.) Essentially, Harris argued that an abstract of judgement and an uncertified case printout from the Riverside, California Superior Court were not sufficient to establish the prior conviction. (*See* Doc. 76 at 6-11.)

---

[2] The offense Harris was charged with carried a statutory maximum of 40 years. (Doc. 40 at 2.)

In the alternative, Harris argued that, even if found to be a career offender, the increased sentence was unreasonable given that his exposure jumped from a five year mandatory minimum to fifteen and a half years.  (Doc. 56 at 1.)  Harris further objected to various other convictions listed in the PSR, contending that some were mistakes and that the inclusion of non-countable prior offenses affected the tenor of sentencing, prejudicing him in terms of what would be considered a reasonable sentence. (*Id.* at 2.)

After hearing arguments on these objections at the sentencing hearing on May 10 and 11, 2007, Judge Johnson determined that the documentation provided by the Government exhibited sufficient indicia of reliability to support a finding that there was a California felony conviction and, therefore, that Harris was properly classified as a career offender. (Doc. 77 at 18.)  However, Judge Johnson also questioned the reasonableness of imposing a sentence so much more severe than originally calculated, due to the double counting implications of the career offender provision.  (*See id.* at 26-27.)  In particular, Judge Johnson noted that the PSR did not give Harris the full benefit of his plea agreement.  (*Id.* at 27.)  While the PSR did incorporate the three level reduction for acceptance of responsibility, lowering the base offense level to 31 (*see id*. at 10-11), it did not give Harris the benefit of the two level reduction for minor participant stipulated to in the plea agreement. (*See id.* at 22.)  Accordingly, and with concurrence from the Government, Judge Johnson gave Harris an additional two point reduction for minor participant, resulting in a final base offense level of 29. (*Id*. at 27-28.)  Finally, Judge Johnson evaluated Harris's criminal record and found that Harris's criminal history was better represented by category V as he did not present the extensive criminal record normally seen in a career offender of category VI.  (*See id.* at 29-30.)  The Guideline sentence range for offense level 29, criminal history category V is 140 to 175 months' imprisonment.  *See*

U.S.S.G. Ch. 5 Pt. A, Sentencing Table.  Judge Johnson sentenced Harris to 140 months.  (Doc. 77 at 31.)

In rendering his decision, Judge Johnson also noted that, in the plea agreement, Harris purportedly waived his right to appeal the sentence.  (*Id.* at 35.)  However, Judge Johnson found precedent in *United States v. Taylor*, 413 F.3d 1146 (10th Cir. 2005) for allowing Harris to appeal the finding that the career offender provision applied.  (Doc. 77 at 36.)  Harris did not appeal the court's finding that he was properly characterized as a career offender.  (Doc. 74 at 3.)  On May 14, 2008, he filed his Motion to Vacate, Set Aside or Correct the Sentence, pursuant to 28 U.S.C. § 2255.  (*Id.*)

### INEFFECTIVE ASSISTANCE

Ineffective assistance forms the basis of all of Harris's § 2255 claims.  To establish ineffective assistance of counsel, Harris must satisfy both parts of a two-part test, articulated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  First, he must show that counsel's performance was deficient.  *Id.* at 687.  This requires a showing "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment."  *Id.*  Judicial scrutiny of counsel's performance is highly deferential; thus, Harris must overcome the presumption that the challenged action might be considered sound trial strategy.  *Id.* at 689.  Second, he must show that counsel's deficient performance was prejudicial.  *Id.* at 687.  This requires showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.  "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have

insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

Harris's first, second and third claims of ineffective assistance assert that his attorney promised a specific five year sentence and that Harris was induced into entering a guilty plea and waiving his appeal rights by the misrepresentation of his sentence. (*See* Doc. 74 at 5, 6, 8.) The record is devoid of any indication that Harris's attorney made such a promise. To the contrary, the record suggests that Harris knew the sentence range to which he was exposed. The plea agreement recites Defendant's understanding that the court can impose a term of imprisonment for not less than five nor more than forty years and further that the final sentence is solely within the discretion of the court. (Doc. 40 at ¶¶ 4, 10.) During the plea colloquy, Magistrate Judge Scott asked Harris if he understood that the minimum and maximum penalties the court could impose were imprisonment for a period of not less than five nor more than 40 years and Harris responded that he did. (Doc. 78 at 6.) Furthermore, the length of the Guideline sentence and the application of the career offender provision were contested over the course of a two-day sentencing hearing. (*See* Docs. 76 and 77.) During this hearing, both the Government and Defense counsel acknowledged that Defendant had essentially foregone the opportunity to lower his own sentence by cooperating against his co-defendant (his fiancé) so that her sentence could be reduced for her cooperation against him. (*See* Doc. 77 at 33-35.) Such a strategy suggests that Harris understood the implications of the sentencing provisions and the plea agreement. There is no indication in the record that counsel misrepresented the length of Harris sentence or induced him into accepting the plea or that counsel's performance was in any other way deficient or prejudicial.

Harris's fourth claim alleges that his attorney's failure to object to a misapplication of the

career offender provision also constitutes ineffective assistance of counsel.[3] This claim is simply not supported by the record. Harris's attorney filed objections to the PSR, arguing that the Government had not met its burden of establishing career offender status, and further challenging the inclusion of various non-countable convictions in the PSR as prejudicial to the court's determination of what would constitute a reasonable sentence. (Doc. 56 at 1-2.) At the sentencing hearing, Defense counsel continued to argue that the career offender provision should not apply and that the Guideline sentence was unreasonable. (*See* Doc. 76 at 4-10.) While hearing these objections, Judge Johnson offered several times to continue the sentencing hearing to allow Harris the opportunity to present his own evidence to refute the documents provided by the Government in support of the California felony conviction. (*See id.* at 5, 7, 30.) Defense counsel declined, electing only to enter the objection on the record. (*See id.* at 6, 7, 31.) Harris's attorney could have chosen not to present evidence to refute the Government's showing for any number of reasons, including the possibility that such evidence was unavailable and Defense counsel was left only with the option of appealing to the court's sense of reasonableness in sentencing. In his § 2255 Motion, Harris does not claim that evidence existed to refute either of the prior felony convictions, or that his attorney failed to present it. Since judicial scrutiny of counsel's performance is highly deferential, and without any allegations from Harris that would overcome the presumption that his attorney's conduct was sound trial

---

[3] Harris's fourth claim also purports to mount a collateral attack on being charged and convicted as a career offender, arguing that the convictions used to subject him to career offender status are not offenses that qualify to classify him as a career offender "under the criteria and mandates of the United States Sentencing Guidelines." (Doc. 74 at 9.) Harris procedurally defaulted this argument because he failed to appeal Judge Johnson's decision to apply the career offender provision in his case. Courts generally will not consider an issue raised in a § 2255 motion if that issue was not raised on direct appeal. *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004); *see also United States v. Frady*, 456 U.S. 152, 165 (1982). Since Harris did not appeal the decision to apply the career offender provision, I cannot consider the merits of that issue.

strategy, I cannot say that Defense counsel's performance was deficient.

Since an ineffective assistance of counsel claim must satisfy both parts of the test, Harris's claim must fail because he has not demonstrated that his attorney's performance was deficient. *E.g., Cooks v. Ward,* 165 F.3d 1283, 1292-93 (10th Cir. 1998) (the court may address the performance and prejudice components in any order, but need not address both if petitioner fails to make a sufficient showing of one).

### RECOMMENDED DISPOSITION

For the reasons stated above, I recommend that Harris's Motion to Vacate, Set Aside, or Correct the Sentence, pursuant to 28 U.S.C. § 2255 (Doc. 74), be denied.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE