**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

    v.                                CIV 08-0474 WJ/WPL
                                        CR  06-1023 WJ

TRACY McARTHUR HARRIS,

        Movant/Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 4), Harris's objections thereto (Docs. 5, 7, 9) and the Government's Motion to Strike Pleading Filed September 8, 2008 (Doc. 6). For the following reasons, I deny the Government's motion to strike. Furthermore, having conducted a *de novo* review, I find Harris's objections to be without merit.

**MOTION TO STRIKE**

On September 8, 2008, Harris filed objections to the PFRD. (Doc. 5.) He did not sign the objections, did not sign or swear to the attached affidavit, and did not sign or date the certificate of service. On September 9, the Government moved to strike Document Five. (Doc. 6.) The Government argued that the pleading was not signed, not verified, not under oath, not dated and not filed within the ten-day limit for filing objections. On September 10, Harris re-filed the same objections. (Doc. 7.) This time he signed and dated the certificate of service but again failed to sign the objections or attached affidavit.

The Local Rules of Civil Procedure for the District of New Mexico require that a paper filed

with the court be signed. *See* D.N.M.LR-Civ. 10.3(b). The Clerk will not refuse to file any document for improper form; however a paper filed without a signature will be stricken unless it is signed within fourteen calendar days after the omission is called to the party's attention. *Id.* at 10.3(a)-(b). Noting this rule, on October 3, 2008, the magistrate judge ordered Harris to sign and re-submit his objections by October 17, 2008. (Doc. 8.) On October 14, 2008 Harris re-submitted Document Five with the objections, affidavit and certificate of service signed. (Doc. 9.) Consequently, the Government's arguments regarding the form of Harris's objections are moot.

With regard to the timeliness of Harris's objections, a party has ten days to file objections after being served with a copy of the magistrate's proposed findings and recommendations. 28 U.S.C. § 636 (b)(1). The rules for computing this ten-day period are laid out by Federal Rule of Civil Procedure 6, which provides for the exclusion of weekends and legal holidays, and for additional time for certain kinds of service. *See* FED. R. CIV. P. 6(a) and (d). The proposed findings and recommendations were filed on August 20, 2008. (Doc. 4.) According to the magistrate's Rule 6 computation, objections were due by September 9, 2008.[1] Harris filed his objections on September 8, 2008. (Doc. 5.) For timeliness purposes, it does not matter that the objections, when first filed as Document Five, were not signed. *See* D.N.M.LR-Civ. 10.3(a) ("The Clerk will not refuse to file any document for improper form."); *see also Becker v. Montgomery*, 532 U.S. 757, 764-65 (2001) (holding that signature requirement could be met after time for appeal had passed so that unsigned

---

[1] *See* Civil Docket Sheet for 08-cv-0474 at Doc. 4. This date was determined by counting ten days from the day after the PFRD was filed, excluding intervening weekends and Labor Day and then adding three days for service by mail pursuant to Federal Rule of Civil Procedure 6(d), again excluding weekends. Under an alternate reading of Federal Rule of Civil Procedure 6(d), which does not exclude weekends, the third day would have fallen on Sunday, September 7, 2008, making the objections due by Monday, September 8, 2008. *See* Rule 6(e) Advisory Committee Note (2005 Amendments) ("If the third day is a Saturday, Sunday, or legal holiday, the last day to act is the next day that is not a Saturday, Sunday or legal holiday.") Harris's objections, therefore, are timely under this alternate reading as well.

notice of appeal, filed before appeal period expired, was timely even though duplicate with signature was not provided until after appeal deadline had passed).  Thus the objections were timely and the Government's motion to strike is denied.

## OBJECTIONS

In his Motion to Vacate, Set Aside or Correct the Sentence under 28 U.S.C. § 2255, Harris argued that he received ineffective assistance of counsel because his attorney promised him a specific five-year sentence.  (Doc. 1 at 4, 5, 7.)[2]  He further argued that his attorney's failure to object to a misapplication of the Sentencing Guidelines also constitutes ineffective assistance of counsel.  (*Id.* at 8.)  The magistrate judge concluded that the record was devoid of any indication that Harris's attorney promised a specific five-year sentence; to the contrary, the written plea agreement and Harris's statements in court suggested that Harris knew and understood the sentence range of five to forty years to which he was exposed.  (Doc. 4 at 5.)  The magistrate further concluded that the record clearly showed that Harris's attorney objected to the PSR and argued against the application of the career offender provision during the two-day sentencing hearing.  (*Id.* at 6.)

In his objections, Harris restates his claims that his attorney promised him a prison term of five years, that his guilty plea and appeal waiver were involuntary and unknowing because they were induced by his attorney's misrepresentation, and that, but for his attorney's misrepresentation, he would have proceeded to trial.  (Doc. 5.)  Harris recites case law establishing the standards and remedies for ineffective assistance of counsel.  (*See id.*)  However, he fails to allege facts that support his claims.  Harris's conclusory allegation that his attorney promised a five-year sentence is not enough.  *See Phillips v. Murphy*, 796 F.2d 1303, 1304 (10th Cir. 1986) (petitioner not entitled

---

[2] This is an unnumbered document.  I have numbered the pages consecutively, 1-14.

to evidentiary hearing on alleged promise by attorney where allegation was unsupported by specifics as to when or how promise was made and where assertion was wholly incredible in light of the record); *see also Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) (petitioner's only evidence, in the form of his own affidavit, was insufficient to require an evidentiary hearing when flatly contradicted by the record from the arraignment).

The only difference between Harris's factual pleading in his § 2255 motion and that in his objections is the addition of an affidavit attached to the objections. (Docs. 5, 7, 9.) The document is entitled "Sworn Affidavit." It begins: "I _____, do hereby attest . . . ." and then states "[M]y attorney . . . specifically promised me that in the exchange [sic] for my plea of guilty to the offenses that I was charged with, that I was going to receive a five year prison term." The paragraph containing this statement is followed by a signature line. At the bottom of the page is a declaration under penalty of perjury,[3] followed by another signature line. Originally, the affidavit attached to Harris's objections filed as Document Five was not signed and the blank in "I _____, do hereby attest," was not completed. (Doc. 5.) When Harris re-filed his objections, as Document Seven, he completed this blank, but again failed to sign the affidavit or the declaration under penalty of perjury. (Doc. 7.) Finally, after the magistrate judge ordered Harris to submit signed objections, Harris included an affidavit signed under penalty of perjury. (Doc. 9.)

I find Harris's affidavit insufficient to establish a factual basis for Harris's claims. It is a general statement that fails to provide any specific information about his attorney's alleged promise. *See Phillips*, 796 F.2d at 1304 (allegation was unsupported by specifics as to when or how promise was made). Moreover, the first two times Harris filed the affidavit, it was an unsigned and unsworn

---

[3] The exact language at the bottom of the affidavit is: "I declare under the penalty of perjury that the foregoing statement in this affidavit is true and correct."

contradiction to the sworn statements Harris gave during the plea colloquy. *See Lasiter*, 89 F.3d at 702 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Only after ordered by the magistrate to sign his objections did Harris submit an affidavit that purports to be signed under penalty of perjury.

In his objections, Harris also suggests that the magistrate judge refused to consider his attorney's failure to object to a misapplication of the Sentencing Guidelines as basis for his ineffective assistance claim, because the magistrate found the issue procedurally barred. (Doc. 5 at 4.)[4] Harris misreads the PFRD. In one footnote, the magistrate judge mentioned that Harris was procedurally barred from bringing a collateral attack on my decision to apply the career offender provision. (*See* Doc. 4 at 6 n.3.) Nevertheless, the magistrate did assess Harris's claim of ineffective assistance of counsel on this point and found that Harris failed to show that his attorney's performance was deficient. (Doc. 4 at 7.) Harris now objects that he should be permitted to mount a collateral attack on the application of the career offender provision because the procedural default should be excused due to ineffective assistance of counsel. (Doc. 5 at 4-5 (citing *U.S. v. Kissick*, 69 F.3d 1048, 1054 (10th Cir. 1995) *partially abrogated by Glover v. United States*, 531 U.S. 198 (2001)).) This circuitous argument lacks merit.

Under *United States v. Cook*, a petitioner may establish the requisite cause and prejudice necessary to overcome procedural default by demonstrating ineffective assistance of counsel, using the two part analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v.*

---

[4] This is an unnumbered document. I have numbered the pages 1-11 consecutively.

*Cook*, 45 F.3d 388, 392 (10th Cir. 1995).  Harris suggests that the basis for ineffective assistance of counsel, which would establish cause and prejudice, was his attorney's failure to object to a misapplication of the Sentencing Guidelines.  (Doc. 5 at 4-5.)  The magistrate judge already assessed this argument and concluded that Harris did not receive ineffective assistance because his attorney's performance was not deficient, largely because the attorney did, in fact, object to the application of the career offender provision.  (Doc. 4 at 6-7.)  In sum, Harris's objections are without merit.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 4) are adopted by the Court;

2) the Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is denied;

3) the Motion to Strike (Doc. 6) is denied; and

4) CV 08-0474 WJ/WPL is dismissed with prejudice.

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE